JAMES J. CAMPBELL, as Guardian ad Litem of PHILIP COHEN, Claimant, *v.* KINGS PARK NEW YORK STATE HOSPITAL, Defendant. (Claim No. 31701.)

Court of Claims, July 10, 1953.

*James J. Campbell*, claimant in person.

*Nathaniel L. Goldstein, Attorney-General (Quentin E. Grant* of counsel), for defendant.

MAJOR, J. This motion is made by the Honorable Nathaniel L. Goldstein, Attorney-General of the State of New York, who also appears as attorney for Kings Park New York State Hospital, the defendant named in the above-entitled claim, to dismiss the claimant's claim on the grounds: (1) that the court has no juris-

diction of the subject of the claim as against said defendant; (2) that the court has no jurisdiction of the subject of this claim; (3) that the court has no jurisdiction of the person of the defendant; and (4) that the claim does not state facts sufficient to constitute a cause of action.

This motion was originally returnable before the Honorable GEORGE SYLVESTER, a Judge of this court, on June 29, 1953, in the City of New York, who disqualified himself and returned it to the Honorable STEPHEN M. LOUNSBERRY, Presiding Judge, who assigned and submitted the same to the undersigned.

This claim was filed in the Court of Claims of the State of New York to recover damages by reason of the alleged false arrest and imprisonment of Philip Cohen, who makes this claim through his guardian ad litem, James J. Campbell, also acting as attorney *in propia persona*. Examination of the papers submitted on the motion discloses that the claimant, Philip Cohen, was committed to Kings Park State Hospital on December 18, 1930, by order of the Honorable L. FABER, Justice of the Supreme Court, upon the petition of his father; that on November 28, 1933, claimant was transferred from Kings Park State Hospital to Pilgrim State Hospital by order of the Department of Mental Hygiene; that on March 20, 1936, claimant was discharged to the custody of Saul Cohen; that on November 2, 1938, claimant was again committed to Kings Park State Hospital by order of the Honorable RICHARD W. HAWKINS, Surrogate of Suffolk County; that on September 26, 1942, claimant was again discharged to the custody of Saul Cohen; that on December 18, 1942, claimant was committed to Brooklyn State Hospital by order of the Honorable A. I. NOVA, Justice of the Supreme Court; that on January 8, 1943, claimant was transferred from Brooklyn State Hospital to Kings Park State Hospital on order of the Department of Mental Hygiene; that on September 1, 1944, a writ of habeas corpus was issued by the Honorable PHILIP M. KLEINFELD, Justice of the Supreme Court, on the petition of Saul Cohen, to inquire into the legality of the detention of the claimant, and such writ of habeas corpus was dismissed on September 13, 1944, and the claimant, Philip Cohen, was remanded to Kings Park State Hospital on order of the Honorable ISAAC R. SWEZEY, Justice of the Supreme Court.

The State, under proper circumstances, may be held liable for false imprisonment. (*Warner v. State of New York*, 297 N. Y. 395.) However, it appears that the confinement of the claimant herein has been tested in the Supreme Court, and the Court of Claims has no **power** to review the decisions and orders of that

court; and for the purposes of this alleged claim, the orders of the Supreme Court are *res judicata.*

While the claim attempts to set up a cause of action against the State, it is actually brought against the Kings Park New York State Hospital, and not against the State of New York.

Pursuant to section 60 of the Mental Hygiene Law, the Kings Park State Hospital is declared to be a corporation for the care and treatment of the poor and indigent mentally ill of the State, and, as such corporation, it may sue and be sued in a court having general jurisdiction. The jurisdiction of the Court of Claims is outlined in section 9 of the Court of Claims Act, which limits its power to hear and determine claims in favor of, or against the State of New York. Neither the Court of Claims Act nor the Legislature, has conferred jurisdiction upon the Court of Claims to hear and determine claims against the corporation known as Kings Park State Hospital.

Examination of the claim reveals that it does not state facts sufficient to constitute a cause of action against the State of New York. Motion is granted and the claim is dismissed.

The foregoing constitutes the written and signed decision upon which an order may be entered.